**N THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

**GREGORY BOYD; JONATHAN LASSERS; GFC HOLDINGS, LLC; BIOMASS
GREEN FUELS, LLC,**
*Plaintiffs - Appellants,*

v.

**BANCO POPULAR DE PUERTO RICO,**
*Defendant - Appellee.*

**Appeal No. 26-1357**

**APPELLANTS' MOTION FOR RECONSIDERATION OF THE
MAY 27, 2026 ORDER AMENDING THE CASE CAPTION
(1st Cir. R. 27.0(d))**

**TO THE HONORABLE COURT:**

**INTRODUCTION**

This appeal has four appellants. Two are people: Gregory Boyd and Jonathan Lassers. Two are companies they helped build and still control a majority of: GFC Holdings, LLC and Biomass Green Fuels, LLC (the "Companies"). On April 23, 2026, all four were listed as Plaintiffs-Appellants. *See* Docketing Statement, No. 26-1357 (1st Cir. Apr. 23, 2026), Doc. 00108436621; Notice of Appearance, *id.* (Apr. 23, 2026), Doc. 00108436615; Notice of Appearance, *id.* (May 2, 2026), Doc. 00108440924.

Five weeks later, the caption was changed to erase the two Companies as appellants. Order, *id.* (May 27, 2026), Doc. 00108452506. There was no hearing. There was no briefing on the merits. There was not even notice that relief had been requested: Banco Popular had filed its paper as an "Informative Motion," and the Clerk's office had to correct its incomplete relief designation. The change was made by the Clerk, "Pursuant to 1st Cir. R. 27.0(d)," on the strength of that one paper filed by the appellee bank. *Id.* This motion asks the Court to vacate that change and restore the Companies as Appellants.

Why this change matters takes one plain fact to explain. The Companies have one thing of value left. It is these lawsuits. The biorefinery the Companies were created to own was sold to Humacao RNG, LLC — a company wholly owned by the investor VRM Penzini — under an Asset Acquisition Agreement signed January 31, 2025 (itself a subject of appeal) and closed February 7, 2025. The price was a roughly $13 million transfer of the bank debt, about $4.47 million in cash, and the buyer's assumption of liabilities; the cash went to the insiders who voted for the sale — including $761,221 that VRM Penzini paid to itself, though it owns the buyer — and nothing went to Boyd and Lassers. *See* Compl. ¶¶ 226–230 & Ex. 2 thereto (Asset Acquisition Agreement § 2.7), *Boyd v. Banco Popular de P.R.*, No. 3:26-cv-01066 (D.P.R. filed Feb. 7, 2026), ECF No. 1. Banco Popular de Puerto Rico ("BPPR") had sold the Companies' loan to that same buyer instead of accepting a better offer. *See* Opinion & Order at 6, *Boyd v. Banco Popular de P.R.*, No. 3:24-cv-01569 (D.P.R. Dec. 22, 2025), ECF No. 131 (Ex. 1). When the only asset is a lawsuit, the lawyer who controls the lawsuit controls everything. Whoever picks the Companies' lawyer decides whether the truth about the bank is told or buried. That is what this fight is really about.

**How control of the Companies' lawyer was taken is contested, and the manner matters.** The "board resolution" said to authorize Attorney Roberto Abesada to act for the Companies is dated March 21, 2025, but it was not delivered until April 1, 2025; the only sitting manager to sign it was Alexander Borschow — himself a named RICO defendant — and a second signature came from Javier Feliciano, who held no board seat until March 31, 2025. The Companies' founding manager, Olmar López Vidal, was never asked and refused to sign. Abesada had already entered his appearance for the Companies on March 24, 2025 — before the "signer" had any board authority and before the paper was delivered. *See* Opp. to ECF No. 49 ¶¶ 16–17,

*Boyd v. Banco Popular de P.R.*, No. 3:26-cv-01066 (D.P.R. May 26, 2026), ECF No. 73 (Ex. 2); Mot. to Disqualify Counsel at 7–8, *id.*, ECF No. 74 (Ex. 3).

**The lawyer installed to speak for the Companies is the bank's own lawyer.** Attorney Abesada and his firm have represented Banco Popular for nearly twenty years — in roughly two dozen federal matters — and represent the bank right now in two live matters running alongside this one. *See* Opp. to ECF No. 49 § IX & Ex. 2 thereto (Docket-Citation Appendix), ECF No. 73 (Ex. 2); *see, e.g.*, *Popular Auto, Inc. v. Reyes-Colón*, 922 F.3d 13 (1st Cir. 2019); *Reyes-Colón v. Banco Popular de P.R.*, 110 F.4th 54 (1st Cir. 2024). An appellee that supplies its adversary's counsel, and then asks this Court to ratify the arrangement by re-writing the caption, presents the very conflict the Companies are litigating below.

## ARGUMENT

### I.  The Motion Is Timely and Reconsideration Is the Proper Vehicle.

This motion is timely. Local Rule 27.0(d) provides that "[a] motion for reconsideration of an order entered by the court or a single judge pursuant to this rule shall be filed within 14 days after entry of the order." 1st Cir. R. 27.0(d). The order was entered May 27, 2026. Counting forward under Federal Rule of Appellate Procedure 26(a) — excluding the day of entry — the fourteenth day is June 10, 2026. Fed. R. App. P. 26(a). This motion is filed within that period.

The relief is proper, too. The caption order was a procedural ruling the Clerk entered on a contested motion. Courts have inherent authority to manage their dockets and to reconsider interlocutory rulings before they become final, and Local Rule 27.0(d) permits a party to seek reconsideration of a motion order before it hardens into the law of the case. *See* 1st Cir. R. 27.0(d); *Dietz v. Bouldin*, 579 U.S. 40, 45–47 (2016); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Reconsideration is warranted when an order was entered without the full record, without fair notice

to the affected parties, on a mistaken premise, or where leaving it in place would work injustice. Each circumstance is present here. A reconsideration motion does not stay the order, 1st Cir. R. 27.0(d); Appellants therefore reserve the right to use the prior caption and, if necessary, to seek a brief stay so that the July 13, 2026 briefing deadline does not cement the change this motion asks the Court to undo.

## II.  Ground One: The Order Decided a Representation Question That Is Still Being Litigated in the District Court — and the Bank Had No Authority to Ask.

The caption order decided one thing: that Attorney Abesada, not Appellants' counsel, speaks for GFC and BGF. But that exact question is the subject of a fully briefed, undecided motion to disqualify Abesada in the district court. Mot. to Disqualify Counsel, *Boyd v. Banco Popular de P.R.*, No. 3:26-cv-01066 (D.P.R. May 26, 2026), ECF No. 74 (Ex. 3). It makes no sense for a one-paragraph clerk's order, entered with no merits briefing, to answer in the bank's favor the very question a federal district judge is poised to decide on a full record.

Two features sharpen the problem. ***First***, it was the bank that asked this Court to choose its opponents' lawyer. Banco Popular is the appellee; the Companies are aligned against it; yet it was Banco Popular — not the Companies and not Abesada — that preteneded to tell this Court who represents the Companies and asked that they be dropped. Doc. 00108443427. A litigant has no business selecting who speaks for the party across the "v." from it, and where the chosen lawyer is the bank's own counsel the conflict is not consentable. *See* ABA Model Rule of Prof'l Conduct 1.7(b)(3); P.R. R. Prof'l Conduct r. 1.7 (incorporated through D.P.R. Loc. R. 83.5); *Kevlik v. Goldstein*, 724 F.2d 844, 850 (1st Cir. 1984). ***Second***, the only rule the bank invoked was Local Rule 3.0(a)(3) — the "Duty of Opposing Party" to inform the Clerk's office in writing of inaccuracies in a docketing statement. 1st Cir. R. 3.0(a)(3); *see* Doc. 00108443427 (proceeding under "Local Rule 3.0(3)" and "Local Rule 3(a)(3)"). That rule is housekeeping: it governs the

accuracy of a form and directs corrections to the Clerk. It says nothing about who represents a party, and it empowers no one — least of all the opponent — to strike another party's chosen counsel or to write that party out of the appeal. The bank used a docketing-statement-correction rule to do both.

### III.  Ground Two: No Court Has Ever Construed the Irrevocable Proxy, and the Dismissals the Bank Invokes Are Not Final.

The premise behind dropping the Companies is that an earlier ruling settled who may speak for them. It did not. On June 2, 2025, the Companies' founding manager, Olmar López Vidal, signed an Irrevocable Proxy — "coupled with an interest" and "irrevocable to the fullest extent permitted by law" — appointing Boyd and Lassers to direct the Companies' litigation and choose their counsel. Irrevocable Proxy (June 2, 2025) (Ex. 4); *see* 14 L.P.R.A. § 3951 *et seq.*; cf. 8 Del. C. § 212(e). The district court has never construed that Proxy. It addressed only a separate June 13, 2025 Member Resolution, which it discussed in *Boyd v. López-Vidal*, No. 3:22-cv-01190-GMM, ECF No. 800 (D.P.R. Aug. 12, 2025) (Ex. 5); in that order the word "Proxy" never appears. The Proxy is thus an independent, unadjudicated source of authority that no prior ruling reached.

### V.  In the Alternative, the Docketing Statement Should Be Corrected To Reflect That This Appeal Is Related to No. 26-1424.

Separately, and in the alternative, Appellants ask that the docketing statement be corrected to note that this appeal is related to the pending anti-tying appeal, *Boyd v. Banco Popular de P.R.*, No. 26-1424. The two appeals turn on the same unresolved question — whether anyone other than the conflicted board's appointee may represent GFC and BGF. The dismissal now under review in No. 26-1424 rested on the very premise the bank presses here: that the Companies may be represented only by board-appointed counsel. Noting the relationship is precisely the kind of docketing-statement accuracy correction that Local Rule 3.0(a)(3) exists to capture — in contrast

to the bank's use of that same housekeeping rule to strike a party (Part II) — and it will let the Court consider the two related matters on a consistent record. 1st Cir. R. 3.0(a)(3).

## CONCLUSION

For these reasons, Appellants respectfully request that the Court (1) vacate the May 27, 2026 order amending the caption and restore GFC Holdings, LLC and Biomass Green Fuels, LLC as Plaintiffs-Appellants; (2) direct that the matter be decided by a judge or panel of the Court, *see* 1st Cir. R. 27.0(d); (3), in the alternative, hold the caption question in abeyance pending the district court's ruling on the motion to disqualify (ECF No. 74); and (4) correct the docketing statement to reflect that this appeal is related to the anti-tying appeal, No. 26-1424.

RESPECTFULLY SUBMITTED.

June 10, 2026, in San Juan, Puerto Rico.

/s/ Jane A. Becker Whitaker
**JANE A. BECKER WHITAKER**
1st Cir. Bar No. 35763 | USDC-PR No. 205110
P.O. Box 9023914
San Juan, PR 00902-3914
Tel. (cell) (787) 945-2406
jbw@beckervissepo.com

/s/ Luis E. Miñana
**LUIS E. MIÑANA RODRÍGUEZ-FEO**
Espada, Miñana & Pedrosa Law Offices, P.S.C.
122 Calle Ing. Manuel Domenech, Altos
Urb. Baldrich, San Juan, Puerto Rico 00918
1st Cir. Bar No. 118149 | USDC-PR No. 225608 | PR RUA Núm. 16,297 · Col. 17450
Tel. (787) 758-1999 / (787) 402-2226
minanalaw@yahoo.com

**Counsel for Plaintiffs-Appellants Gregory Boyd and Jonathan Lassers, and for GFC Holdings, LLC and Biomass Green Fuels, LLC**


## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 1,878 words.

2. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Times New Roman.

/s/ Jane A. Becker Whitaker
**JANE A. BECKER WHITAKER**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the CM/ECF system, which will send notice of such filing to all counsel of record, including counsel for Appellee Banco Popular de Puerto Rico — María D. Trelles-Hernández and María Elena Martínez-Casado (Pietrantoni Méndez & Álvarez LLC) and Richard C. Pepperman II, Stella Swartz Meyer, and Benjamin Walker (Sullivan & Cromwell LLP).

/s/ Jane A. Becker Whitaker
**JANE A. BECKER WHITAKER**

**RECORD APPENDIX — INDEX OF EXHIBITS**
*Boyd & Lassers v. Banco Popular de Puerto Rico, No. 26-1357 (1st Cir.)*

| Ex. | Document | Record citation |
|---|---|---|
| 1 | Delgado-Hernández Opinion & Order (Dec. 22, 2025) — the judgment on appeal (No. 26-1424) | 3:24-cv-01569, ECF No. 131 |
| 2 | Opposition to Abesada's Special Appearance & Rule 11 response (May 26, 2026) | 3:26-cv-01066, ECF No. 73 |
| 3 | Plaintiffs' Motion to Disqualify Atty. Abesada (May 26, 2026) | 3:26-cv-01066, ECF No. 74 |
| 4 | Irrevocable Proxy (June 2, 2025) — "coupled with an interest" (14 L.P.R.A. § 3951 et seq.) | Settlement record; also at ECF Nos. 73–74 |
| 5 | Méndez-Miró Memorandum & Order (Aug. 12, 2025) — addresses the Member Resolution; "Proxy" never appears | 3:22-cv-01190, ECF No. 800 |
| 6 | Abesada's Special Appearance for GFC and BGF (Apr. 28, 2026) | 3:26-cv-01066, ECF No. 49 |

| 7 | Member Resolution / Written Consent by the Majority of the Members (June 13, 2025) | 3:22-cv-01190, ECF No. 750-1 |
|---|---|---|
| 8 | Motion for Limited Pre-Conference Discovery (May 26, 2026) | 3:26-cv-01066, ECF No. 75 |
| 9 | Trial-court Omnibus Resolution (May 26, 2026) — same representation premise used against Boyd | SJ2024CV04616 |