**UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

_____

**No. 26-1357**

GREGORY BOYD; JONATHAN LASSERS; GFC HOLDINGS, LLC; BIOMASS GREEN
FUELS, LLC,

Plaintiffs - Appellants,

v.

BANCO POPULAR DE PUERTO RICO,

Defendant – Appellee.

---

**MOTION TO STRIKE MATERIALS OUTSIDE THE RECORD AND APPELLEE'S
RESPONSE TO _APPELLANTS' MOTION FOR RECONSIDERATION OF THE
MAY 27, 2026 ORDER AMENDING THE CASE CAPTION_**

**COMES NOW** Defendant-Appellee Banco Popular de Puerto Rico ("BPPR"), through its

undersigned counsel, and respectfully states and prays as follows:

**I.      Introduction**

1.      Appellants' June 10, 2026 Motion for Reconsideration is wholly unwarranted. The

Clerk's May 27, 2026 Order correcting the case caption was a routine, ministerial act, which is the

direct and predictable consequence of Appellants' own Docketing Statement, which omitted any

mention of either Biomass Green Fuels, LLC ("Biomass") or GFC Holdings, LLC ("GFC", and,

together with Biomass, the "Companies").

2.      BPPR filed an "Informative Motion to Correct Inaccuracies in Appellants'

Docketing Statement and Case Caption," requesting, as the title suggests, that the case caption be

corrected. Appellants did not oppose such motion, and, in due course, the Clerk of Court amended

the caption, consistent with the authority set forth in First Circuit Local Rule 27.0(d).

3.      Appellants now belatedly seek to oppose BPPR's "Informative Motion to Correct Inaccuracies in Appellants' Docketing Statement and Case Caption" via a reconsideration request which is procedurally and factually unsound. This is enough to deny the request.

4.      Compounding the deficiencies, Appellants have used this untimely procedural motion to flood the Court with filings and arguments drawn from three separate proceedings that are not part of the record on appeal in this case. The First Circuit's precedents categorically forbid this. The out-of-record materials must be stricken, the related arguments disregarded, and the corrected caption left in place.

## II.     The Caption Correction Was a Routine, Unopposed Consequence of Appellants' Own Docketing Statement.

5.      Local Rule 3.0(a)(3) requires any opposing party that identifies inaccuracies, omissions, or misleading statements in a docketing statement to notify the Clerk in writing within fourteen days of service, with copies to all parties. BPPR did precisely that.

6.      Its "Informative Motion to Correct Inaccuracies in Appellants' Docketing Statement and Case Caption" identified that the Docketing Statement listed only two appellants, Gregory Boyd and Jonathan Lassers, while omitting GFC and Biomass. As such, BPPR requested that the caption be corrected to reflect the actual appellants of record, along with other corrections necessary in light of other inaccuracies in Appellants' Docketing Statement.

7.      Appellants filed no opposition. Having elected to stand silent while the Clerk acted on an unopposed, rule-mandated correction, they have forfeited the right to challenge its outcome through reconsideration. The Clerk acted on an unopposed motion supported by Appellants' own Docketing Statement, which nowhere identifies Biomass or GFC as either appellant or appellee.

8.      First Circuit Local Rule 27.0(d) permits the Clerk to dispose of certain routine, procedural motions, such as to correct captions. See First Circuit Internal Operating Procedure

V(C). The May 27, 2026 caption correction falls comfortably within that authority. Appellants' Motion for Reconsideration, which raises no meritorious ground for revision, may be denied on the same procedural basis.

9.    Appellants' argument in the June 10, 2026 Motion for Reconsideration that the Companies were listed as appellants in the Docketing Statement and in the notices of appearance by the attorneys for appellants Boyd and Lassers is directly contradicted by those documents. None lists the Companies as appellants.[1] On its own, this warrants denial of the Motion for Reconsideration.

### III.    Appellants' "Record Appendix/Index of Exhibits" Is Laden With Out-of-Record Materials From Other Proceedings That This Court Cannot Consider.

10.    Rather than addressing the caption correction on its merits, Appellants' motion and accompanying "Record Appendix" are replete with citations to separate federal and state court proceedings that form no part of the record on appeal. This is a dispositive flaw in Appellants' Motion for Reconsideration.

11.    The record on appeal is defined exhaustively by Federal Rule of Appellate Procedure 10(a): the original papers and exhibits filed in the district court, the transcript of proceedings, and a certified copy of the docket entries. Local Rule 30.0(c) reinforces this framework, limiting the appendix to relevant portions of the record necessary to understand the issues on appeal. There is no provision for importing materials from other proceedings.

---

[1] Counsel Miñana's Notice of Appearance does not specify the appellants. Counsel Becker's notice of appearance refers to Mr. Boyd and Mr. Lassers "individually and derivatively on behalf of [GFC] and [Biomass]." An appeal filed by a shareholder derivatively on behalf of a company, like the underlying derivative suit, is not the same as an appeal or suit by the company itself. Derivative actions at every stage, including, appeal, are subject to a host of requirements not applicable to direct actions by the companies themselves. See, *e.g.,* Fed. R. Civ. P. 23.1 (setting prerequisites for a shareholder to sue derivatively, including additional pleading requirements for derivative actions, and subjecting certain actions in derivative suits to court approval).

12.     The First Circuit has consistently enforced this boundary. The Court's task on appeal is to examine the record before the district court, and nothing more. Camilo-Robles v. Hoyos, 151 F.3d 1, 9 n.6 (1st Cir. 1998); see also United States v. González-Rodríguez, 859 F.3d 134, 137 n.1 (1st Cir. 2017) (disregarding documents appended to a brief that were not part of the district court record below); United States v. Kobrosky, 711 F.2d 449, 457 (1st Cir. 1983) (referring to the addition of "supposed facts and theories, alien to the record" as a practice "so plainly improper as to be deserving of censure" and holding that "evidentiary matters not first presented to the district court are, as the greenest of counsel should know, not properly before us").

13.     Appellants' "Record Appendix/Index of Exhibits" exposes the impropriety in plain terms. It draws on materials from a different, active District of Puerto Rico case, no. 26-1066; a separate, District of Puerto Rico case, no. 22-1190, currently on appeal as no. 26-1424; Commonwealth of Puerto Rico case no. SJ2024CV04616; and even a "settlement record." See Motion for Reconsideration at 7-8. None of those proceedings is the case on appeal in No. 26-1357.[2] Importing their filings into a motion in this appeal, without any mechanism for doing so, violates Fed. R. App. P. 10(a) and this Circuit's consistent precedent.[3] The appropriate remedy is to strike all such references and the arguments derived from them. See Smith & Wesson, Div. of Bangor Punta Corp. v. U.S., 782 F.2d 1074, 1084 (1st Cir. 1986) (striking pages of a reply brief and addendum containing materials and arguments outside the district court record).

---

[2] Appellants' own "Record Appendix is fatally deficient as the Memorandum and Order of Judge Méndez-Miró in Boyd v. López-Vidal, D.P.R. No. 22-1190, Dkt. No. 800 (Aug. 12, 2025), upon which the motion expressly depends is missing from their filing. Appellants designate this document as Exhibit 5 in their "Record Appendix/Index of Exhibits." However, what appears under Exhibit 5 is a duplicate of Appellants' Motion to Disqualify Attorney Abesada, the identical document already filed as Exhibit 3, from an entirely different proceeding.

[3] Moreover, while Exhibits 6, 7, 8, and 9 of Appellants' motion are included in the "Record Appendix, they are not cited by exhibit number anywhere in the main motion's argument sections.

4

14.     Nor can Appellants salvage these materials through judicial notice. While a sister court's decision may be judicially noticed as law, it may not be noticed as evidence or as facts. Berríos-Romero v. Estado Libre Asociado de Puerto Rico, 641 F.3d 24, 27 (1st Cir. 2011). The First Circuit has likewise declined to take judicial notice of documents from other proceedings that are irrelevant to the issues on appeal. Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015). Appellants are not invoking the legal standard of another decision; they are attempting to use filings from other proceedings as factual proof that certain corporate entities lack authority to act or to attack their counsel based on allegations from a separate case. Those are not proper subjects of judicial notice. Berríos-Romero, 641 F.3d at 27; see also Torréns v. Lockheed Martin Serv. Grp., Inc., 396 F.3d 468, 473 (1st Cir. 2005) (distinguishing between judicial notice of a document's existence and notice of the truth of the matters asserted therein, and holding that the latter is impermissible).

15.     The standard for striking or disregarding is straightforward: material not presented to the district court and not properly part of the record under Fed. R. App. P. 10(a) must be stricken or disregarded. There is no balancing test, no prejudice requirement, and no exception for materials a party characterizes as important. BPPR respectfully requests that the Court strike or disregard all materials in Appellants' "Record Appendix" derived from proceedings other than the district court case on appeal in No. 26-1357, together with all arguments that rely upon them.

**WHEREFORE**, BPPR respectfully requests that this Honorable Court: (1) strike or disregard all materials in Appellants' "Record Appendix" derived from proceedings other than the case on appeal, together with all arguments based thereon; (2) deny the Motion for Reconsideration

and (3) allow the corrected caption of the instant appeal to reflect Gregory Boyd and Jonathan Lassers as the sole Plaintiffs-Appellants.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 22nd day of June 2026.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**PIETRANTONI MÉNDEZ & ALVAREZ LLC**
Popular Center, 19th Floor
208 Ponce de Léon Ave.
San Juan, Puerto Rico 00918
Tel. (787) 274-1212
Fax. (787) 274-1470

s/ María D. Trelles Hernández
María D. Trelles Hernández
USCA No. 124916
mtrelles@pmalaw.com

s/ María Elena Martínez Casado
María Elena Martínez Casado
USCA No. 1189857
mmartinez@pmalaw.com